**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CLARENCE L. FREY,

      Plaintiff - Appellant,

v.

MARK MCKINNA, CSC,

      Defendant - Appellee.

No. 01-1521
(D.C. No. 00-B-120)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Clarence Lee Frey, a state prisoner in Washington, appeals an order of the district court dismissing his civil rights action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The district court also denied Mr. Frey's motion to proceed on appeal in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915, certifying that the appeal was not taken in good faith. *See* § 1915(a)(3). Mr. Frey renews his § 1915 motion in this court. Because we find that Mr. Frey's appeal is frivolous, we deny his motion to proceed IFP and dismiss his appeal.

Mr. Frey sued defendant under 42 U.S.C. § 1983 alleging violation of his rights under the Eighth and Fourteenth Amendments in conjunction with his transfer to and treatment at the Crowley County Correctional Facility (CCCF) in Colorado. Defendant was the warden at CCCF.

The court ordered Mr. Frey to amend his complaint to include allegations of personal participation by defendant. When Mr. Frey was unable to demonstrate any affirmative link between the alleged constitutional violations and any "personal participation, [] exercise of control or discretion, or [] failure to supervise on the part of defendant," *see Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1187 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 1914 (2002), the district court correctly dismissed the complaint under Rule 12(b)(6) for failure to state a claim.

In addition to objecting to the dismissal of his complaint, which we determine to have been correct, Mr. Frey makes several other points we will address briefly. Mr. Frey argues that the district court should have either appointed an attorney or appointed a guardian ad litem to represent him. There is no right to an attorney in § 1983 actions. *See United States v. Gosnell*, 961 F.2d 1518, 1521 (10th Cir. 1992) (noting no constitutional right to appointed counsel in a civil case). Further, there is no indication in the record that Mr. Frey requested the appointment of a guardian ad litem in the district court. We will therefore not consider whether such an appointment would have been appropriate. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992) (noting general rule that issues not raised in the district court will not be considered on appeal).

Mr. Frey argues that he should be allowed to amend his complaint yet again. We agree with the district court, however, that, because Mr. Frey has now twice failed to make the required allegations and makes no showing that a third attempt would be any more successful, amendment would not cure the defects in his complaint and would be futile. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). As for Mr. Frey's position that the district court incorrectly granted immunity to defendant, we note that the district court did not do so; it dismissed the complaint well before any immunity analysis was necessary.

Finally, Mr. Frey attempts to resurrect his claims against other defendants who have been dismissed in prior orders. Mr. Frey's notice of appeal, however, appeals only from the order of October 25, 2001, dismissing defendant McKinna. A notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). Even if the notice of appeal had referenced the orders dismissing the other defendants, however, our review of the complaint and amended complaint in this case convinces us that all prior dismissals were correct.

For the reasons stated above, we DENY Mr. Frey's motion to proceed IFP under § 1915(a)(1) because his appeal is frivolous, and we DISMISS his appeal. *See* § 1915(e)(2)(B)(i). The dismissal of this frivolous appeal is a strike for purposes of 28 U.S.C. § 1915(g). *See Jennings v. Natrona County Det. Ctr. Med. Facility* , 175 F.3d 775, 781 (10th Cir. 1999). The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Senior Circuit Judge